**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ERIK LAMAR LEWIS**                                              **PLAINTIFF**

**v.**                                                     **CIVIL ACTION 5:13cv194-DCB-MTP**

**RAYMOND BYRD, et al.**                                        **DEFENDANTS**

**REPORT AND RECOMMENDATION**

BEFORE THE COURT is the *pro se* and *in forma pauperis* Complaint [1] of Plaintiff Erik Lamar Lewis, filed pursuant to 42 U.S.C. § 1983. Following the *Spears*[1] hearing in this case, the undersigned recommends that Christopher Epps be dismissed as a Defendant in this matter.

This lawsuit arises from events that took place while the Plaintiff was a post-conviction inmate at Wilkinson County Correctional Facility ("WCCF"), although he is currently housed at East Mississippi Correctional Facility ("EMCF"). Plaintiff alleges that his property was wrongfully seized by WCCF employees. *See* Omnibus Order [19] at 2. Plaintiff alleges that he wrote letters to Christopher Epps,[2] the Commissioner of the Mississippi Department of Corrections ("MDOC") at that time, complaining about the confiscation and received no response. *Id.* at 2-3. Plaintiff also alleges that Epps was in charge of MDOC and its officers, inferring that Epps himself was responsible for the confiscation of Plaintiff's property. Complaint [1] at 5.

There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303-4 (5th Cir. 1987). Instead, the plaintiff must show that (1) the

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010) (stating that allegations made at a *Spears* hearing supercede claims alleged in the complaint).

[2]The Omnibus Order [19] mistakenly identifies Epps as a Defendant that Plaintiff sought to add in his Motion to Amend [16]. However, Plaintiff clearly listed Epps as a initial Defendant in his Complaint [1] and described Epps's alleged involvement in this case therein.

supervisor either failed to supervise the subordinate officials; (2) a causal link exists between the failure to train and the violation of the plaintiff's rights; and (3) the failure to supervise amounts to deliberate indifference. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (*quoting Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)).  In order to establish deliberate indifference in a Section 1983 action for failure to supervise, a plaintiff must demonstrate a pattern of violations and that the inadequacy of supervision is obvious and likely to result in a constitutional violation. Supervisory liability can also exist if the supervisory official implements a policy so deficient that the policy itself is a repudiation of constitutional rights. *Thompkins*, 828 F.2d at 304.

Plaintiff has not alleged that Christopher Epps was personally involved in the alleged incident that resulted in his stolen property, that there is any causal link between Epps's failure to train and any violation of Plaintiff's rights, or that this failure amounted to deliberate indifference. He has also failed to allege that Epps has implemented any policy that resulted in a deprivation of Plaintiff's rights. Accordingly, Plaintiff has failed to state a claim against Epps, and he should be dismissed as a Defendant to this action.

## RECOMMENDATION

For the reasons outlined above, the undersigned recommends that Defendant Epps be dismissed as a party to this action.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS, the 14th day of November, 2014.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge